Julie M. Yates
Wick & Trautwein, LLC
323 S. College Avenue, #3
Fort Collins, CO 80524
(970) 482-4011
Wyoming Bar #6-3166, Colorado Bar # 36393
jyates@wicklaw.com


Jessica L. Hays
Reisch Law Firm, LLC
1490 W. 121st Avenue, Suite 202
Denver, CO 80234
(303) 291-0555
Colorado Bar #53905
jessica@reischlawfirm.com

# UNITED STATES DISTRICT COURT

for the
District of Wyoming

_____Division

| | | |
|---|---|---|
| YANCY NAUGHTON, | ) | Case No._____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| ANTHONY NAVARINI, MICHAEL | ) | BENCH TRIAL |
| NAVARINI, and NAMERIFIC, LLC, A | ) | |
| Wyoming Limited Liability Company, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## CIVIL COMPLAINT

COMES NOW, Plaintiff Yancy Naughton, by and through his attorneys, R. Scott Reisch,

Matthew Shultz and Jessica Hays of the Reisch Law Firm, LLC and Julie M. Yates of Wick &

Trautwein, LLC, and files their complaint as follows:

1

I.      **THE PARTIES TO THIS COMPLAINT**

A.  **The Plaintiff**

Name: Yancy Naughton c/o The Reisch Law Firm, LLC

Street Address: 1490 W. 121st Avenue, Suite 292

City and County: Denver

State and Zip Code: Colorado, 80234

Telephone Number: 303-291-0555

Email Address: jessica@reischlawfirm.com

B.  **The Defendants**

Defendant No. 1

Name: Anthony Navarini

Job or Title: Member, manager, executive and employee of Namerific, LLC

Street Address: 27325 Meridian Way

City and County: Laguna Niguel, Orange

State and Zip Code: California, 92677

Telephone Number:

Email Address:

Defendant No. 2

Name: Michael Navarini

Job or Title: Member, manager, executive and employee of Namerific, LLC

Street Address: 3468 Smoketree Commons

City and County: Pleasanton, Alameda

State and Zip Code: California, 94566

Telephone Number:

Email Address:

Defendant No. 3

Name: Namerific, LLC

Job or Title:

Street Address: 1908 Thomes Avenue

City and County: Cheyenne, Laramie

State and Zip Code: Wyoming

Telephone Number: 608-827-7616

Email Address: rz@hastraffic.com

## II.    BASIS FOR JURISDICTION

### A. The Basis for Jurisdiction Is Diversity of Citizenship under 28 U.S.C. § 1332.

**1.    The Plaintiff**

The Plaintiff is an individual and is a citizen of the foreign nation of the Czech Republic whose mailing address for the purposes of this action is: 1490 W. 121st Avenue, Suite 202, Denver, Colorado 80234.

**2.    The Defendants**

a.    **<u>Defendant No. 1</u>**, Anthony Navarini, is an individual and a resident of the state of California who may be served at 27325 Meridian Way, Laguna Niguel, California 92677. During the relevant time periods, Anthony Navarini was a member, manager, executive,

and employee of Namerific, LLC. In that capacity, he had the power to influence and control—and did influence and control—the decision making of Namerific, LLC.

    b.   **Defendant No. 2**, Michael Navarini, is an individual and a resident of the state of California, who may be served at 3468 Smoketree Commons, Pleasanton, California 94566. During the relevant time periods, Michael Navarini was a member, manager, executive, and employee of Namerific, LLC. In that capacity, he had the power to influence and control – and did influence and control—the decision making of Namerific, LLC.

    c.   **Defendant No. 3**, Namerific, LLC, is a company, incorporated under the law of the state of Wyoming and may be served through its registered agent for service of process.

**3.**     **The Amount in Controversy**

The amount in controversy exceeds $75,000, not counting interest and costs of court.

**III.**     **STATEMENT OF CLAIMS**

**A. Factual Background**

1.     Namerific, LLC (Numerific), was a limited liability company organized in the state of Wyoming on January 8, 2013. Namerific was administratively dissolved for non-payment of taxes on March 11, 2015.

2.     Namerific operated as a domain sales website.

3.     On June 4, 2020, Plaintiff learned about the dissolution and re-registered the limited liability company with the Wyoming Secretary of State with the name Namerific LLC.

4.     When Plaintiff became involved with Namerific in late 2014 Namerific was owned and managed by Anthony Navarini and Michael Navarini.

5.      Anthony Navarini and Michael Navarini promised to Mr. Naughton that he would be granted a 50% membership interest in the Company and share 50% of the profits of the Company in exchange for his contribution of $50,000.00, which Mr. Naughton paid.

6.      Mr. Naughton has never received a share of Namerific's profits.

7.      Namerific failed to inform Naughton of being dissolved and failed to liquidate their assets and wind down the Company.

8.      Mr. Naughton's interest was subjected to the Namerific LLC Investment/Equity Agreement ("Agreement") dated November 21, 2014 [sic], attached hereto as Exhibit A.

9.      Mr. Naughton has knowledge that Namerific had assets and has been profitable. Namerific's operating accounts through Comerica and PayPal indicate that not only has Namerific continued to operate after it was administratively dissolved, it has been generating a significant profit as well.

10.     Naughton has never received a share of Namerific's profits, nor have Namerific's assets been liquidated and distributed among the members.

11.     On May 22, 2020, Mr. Naughton provided notice and made demand on his own, independent behalf and derivatively on behalf of Namerific.  Defendants refused to cooperate and timely produce any requested information.

   **B.  Claims**

**FIRST CLAIM FOR RELIEF**
**Breach of Fiduciary Duty, Breach of Duty of Loyalty, and Breach of the Duty of**
**Good Faith and Fair Dealing (Direct Action)**

12.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

13. Mr. Naughton asserts these claims on his own behalf, individually. Defendants Anthony Navarani and Michael Navarini as members and/or directors of Namerific, exercised authority and control over the assets, resources, money and property of Namerific, and each occupied a position of trust and confidence as to Mr. Naughton. As a direct result of these Defendants' authority, responsibilities, trusted positions, and acts of control over Namerific, they each owed a fiduciary duty, a duty of loyalty, and a duty of good faith and fair dealing to Mr. Naughton to protect the assets, resources, money and property of Namerific against theft, fraud, misappropriation and other abuses contrary to the interests of their co-member Naughton.

14. Defendants Anthony and Michael Navarini constitute all of the members of Namerific.

15. As a closely held company, these Defendants owed Mr. Naughton a heightened fiduciary duty.

16. As a member, Mr. Naughton was justified in reposing trust or confidence in the Manager and remaining members, and Defendants invited, accepted, and acquiesced in that trust. By virtue of their position in Namerific, these Defendants assumed a duty to Namerific's other member under law. These Defendant's duties extend to the matters at hand, and Naughton has been damaged by Defendants' breach of their duties.

17. Each of these Defendants owed Naughton a fiduciary duty, a duty of loyalty, and a duty of good faith and fair dealing not to misappropriate Namerific assets for themselves, and to not cooperate with each other in doing so. These Defendants owed Naughton a duty related to their action regarding the company, and a fiduciary duty in safeguarding Naughton's interest in the company. These Defendants, acting as controlling, majority members, and as managers, officers and directors, improperly misappropriated the assets, resources,

money, and property of Namerific for their own individual uses and benefits, and in doing so breached their duty of loyalty, duty of good faith, and fiduciary duty to Naughton, to the substantial detriment of Mr. Naughton's financial interests. These Defendants also breached their duties by refusing to provide material documents and information to Mr. Naughton, and by concealing material information from Mr. Naughton. These Defendants breached their duty of loyalty, good faith, and fiduciary duty to Mr. Naughton, by attempting to dissolve Namerific and divert its assets for their own personal use – to the exclusion of member Mr. Naughton and to directly cause harm to Mr. Naughton.

18.    Defendants knowingly, intentionally and wrongfully converted Namerific assets for their own use and benefit while depriving Mr. Naughton of their use and benefit, all to the detriment of Namerific. This conduct was a breach of fiduciary duty, breach of the duty of loyalty, and breach of their duty of good faith and fair dealing.

19.    In their roles as controlling and majority members and also acting as managing members, these Defendants owed Mr. Naughton a duty of loyalty and fiduciary duty. Defendants were obligated to act in good faith and were precluded from exploiting Namerific and its members.

20.    These Defendants violated their duty of loyalty by, among other things, actively operating and selling their services under Namerific's name but failing to share information or profits with Mr. Naughton, causing direct harm to Mr. Naughton as a member of Namerific.

21.    Defendants' duties cannot be carved back or eliminated without being manifestly unreasonable.

22.     Any attempt by these Defendants to avoid their duties would be manifestly unjust, and Defendants cannot eliminate or waive their fiduciary obligations, duties of loyalty, and obligations of good faith and fair dealing.

23.     These Defendants are fundamentally conflicted and are not disinterested. They took Namerific property, siphoning it away from the Company for their own personal benefit. They all colluded to garner these personal benefits, to the exclusion of the remaining member Mr. Naughton.

24.     The Defendants' conduct was not in the ordinary course of business of Namerific, and they did not obtain the consent of Namerific, and they did not obtain the consent of Mr. Naughton to take their inappropriate actions or to authorize their acts. Indeed, Defendants concealed their conduct, and it was not until months after the fact that Mr. Naughton discovered their wrongdoing. Defendants acted intentionally and maliciously in breach of the obligations and legal duties, acted in bad faith, acted fraudulently, acted without authority from Namerific or under the law to do so, acted with the intent to deprive Namerific and Mr. Naughton of these assets and business opportunities, and acted at least in a grossly negligent and reckless manner.

25.     Defendants breached their fiduciary duties, duties of loyalty, and obligations of good faith and fair dealing by utilizing and taking Namerific property, without consent and without providing any value—much less full and complete fair value to Naughton.

26.     Defendants caused Mr. Naughton injury as a member that was unique to Mr. Naughton and not suffered by other members. Mr. Naughton suffered disproportionate injury due to his unique and individual status. These Defendants collectively colluded and conspired to take and siphon the assets and property of Namerific in a manner that solely benefited

themselves individually—to the exclusion of Naughton. In inappropriately attempting to dissolve Namerific, these Defendants carved up the assets of Namerific between themselves but intentionally excluded Mr. Naughton from any such benefit.

27. By virtue of the loss of his investment and the fraudulent conveyance of all Namerific assets to the other members – but not Mr. Naughton- Mr. Naughton has suffered injuries separate and distinct from the injury to Namerific and its other members who were involved in the scheme. Mr. Naughton has been damaged thereby in an amount to be determined at trial.

28. These damages include, but are not limited to, disgorgement of all assets, profit, and revenue and compensation taken from Namerific, and payment of lost profits it could reasonably have expected to earn had these duties not been breached. Defendants should be required to disgorge all proceeds from the any transactions after Namerific was dissolved.

## SECOND CLAIM FOR RELIEF

### Member Oppression (Direct Action)

29. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

30. Naughton asserts these claims on his own behalf, individually. After persuading Naughton to invest $50,000 into Namerific, Defendants secretly acted together to improperly denude Namerific of its assets for their own personal gain in continuing to operate a dissolved Namerific.com. Ultimately, the Defendants moved all of Namerific's assets to separate bank accounts for their own personal benefit, leaving Namerific and Naughton with nothing within two years of his investment.

31.     During that process, Defendants: used Namerific corporate assets for inappropriate personal gain without fairly compensating Namerific and all of its members; intentionally diminished the company assets of Namerific and fraudulently transferred and conveyed corporate assets for the benefit of themselves and their related and affiliated entities; failed to timely disclose information to Namerific and its members; cooperated in committing acts of oppression and breach of fiduciary duty against member shareholders; failed to act with candor, unselfishness and in good faith; wasted and mismanaged Namerific's assets; intentionally failed to disclose information or made misleading representations and omissions regarding the business and status of Namerific; acted in a manner that is illegal, oppressive, or fraudulent, causing damage to Naughton as a member;

## **THIRD CLAIM FOR RELIEF**

### **Fraudulent Inducement and Constructive Fraud (Direct Action)**

32.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

33.     Naughton asserts these claims on its own behalf, individually. Defendants fraudulently induced Plaintiff to enter into the operating agreement dated November 21, 2014 and the Defendants have committed fraud through their actions.

34.     Defendants sought to have Plaintiff invest an amount of money under the operating agreement while never intending to fulfill their profit-sharing obligations or abide by their representations to plaintiff. To induce Plaintiff to make the initial investment and continue to support the business through maintaining the platform (i.e. servers and developers), Defendants represented that Namerific was profitable and that profits would be shared in accordance with the agreement.

35.     These fraudulent misrepresentation and omission were material.

36.     Naughton reasonably relied on these misrepresentations and omissions, and had the right to rely on, or was justified in relying on, the misrepresentations and omissions.

37.     Naughton's reliance proximately resulted in damages.

38.     Defendants knew that their misrepresentations were false and intentionally concealed and omitted other material facts.

39.     Defendants took these actions with an intention that they be acted upon by Naughton.

40.     Plaintiff relied upon the material misrepresentation and omission by entering into the operating agreement and delivering $50,000.00 to Defendants. However, it now appears clear that Defendants had no intention of performing and that their representations were false and contained material omissions.

41.     Defendants withheld material documents and information; they have refused to cooperate with a majority shareholder, and have raided Namerific of its assets and fuds, fraudulently transferred to other entities; Defendants have engaged in a fraudulent scheme to deceive Plaintiff and to capture under the auspices of other entities the assets, money, property and resources of Namerific, and have done so all without the knowledge and agreement of Plaintiff; in concealing the use and application of substantial assets, money, property and resources of Namerific, in fraudulently controlling the books and records, and in misappropriating the earnings and profits of Namerific, defendants have damaged Plaintiff by the loss of money and property in amounts to be determined.

42.     Plaintiff has been damaged as a result of these misrepresentations and omissions in an amount to be determined at trial.

43.  Defendant's conduct was attended by willful and wanton disregard for the rights and interests of Plaintiff, entitling a recovery of exemplary damages.

## FOURTH CLAIM FOR RELIEF

### Negligent Misrepresentation (Direct Action)

44.  Plaintiff incorporates by reference the allegations in the preceding paragraphs.

45.  Naughton assert these claims on his own behalf, individually. To induce Plaintiff to make his investment, Defendants have made numerous material misrepresentations and omissions. Defendants sought to have Plaintiff invest amounts of money under the operating agreement while never intending to share profits as required by the agreement.

46.  Defendants failed to provide full and adequate disclosures in the financial statements; adequately verify Namerific's business opportunities; adequately disclose Michael Navarini's other activities; and to adequately disclose their intentions and facts surrounding profitability of Namerific.

47.  Defendants withheld material documents and information; they have refused to cooperate with a majority shareholder, and have raided Namerific of its assets and fuds, fraudulently transferred to other entities; Defendants have engaged in a fraudulent scheme to deceive Plaintiff and to capture under the auspices of other entities the assets, money, property and resources of Namerific, and have done so all without the knowledge and agreement of Plaintiff; in concealing the use and application of substantial assets, money, property and resources of Namerific, in fraudulently controlling the books and records, and in misappropriating the earnings and profits of Namerific, defendants have damaged Plaintiff by the loss of money and property in amounts to be determined.

48.     At the time Defendants made the aforementioned statements and representations, they knew or reasonably should have discovered through the exercise of proper diligence that their statements and misrepresentations were false. Defendants failed to act with reasonable care and made misrepresentations and false statement for the guidance of others in their business transactions. Defendants knew that their representations would be relied upon by Plaintiff.

49.     Defendants knew that Plaintiff, at the time these representations were made, believed the representations to be true, reasonably relied upon them, and was thereby induced into investing in the company and providing continued support to the company.

50.     By reason of the foregoing, Plaintiff has been harmed and is entitled to compensatory damages in an amount to be determined at trial.

51.     The Defendants owed a duty to plaintiff to use reasonable care and knew that Plaintiff would rely on Defendants for accurate information and an objective assessment of Namerific's financial position and business opportunities. Nevertheless, the Defendants breached their duty to Plaintiff by failing to use reasonable care in communicating accurate information. They also breached their obligations to Plaintiff by failing to disclose materially adverse information regarding Defendant's other businesses.

52.     Plaintiff has been damaged as a direct and proximate resut of the Defendants' conduct and has suffered damages caused by that conduct in an amount to be determined at trial.

## **FIFTH CLAIM FOR RELIEF**

### **Fraudulent Transfer and Conveyance and Conversion (Direct Action)**

53.   Plaintiff incorporates by reference the allegations in the preceding paragraphs.

54.   Naughton asserts these claims on its own behalf, individually. The named defendants have transferred money, assets, and property of Namerific to themselves and other entities controlled by Defendants, or to such other entities as alter egos of Defendants without proper authorization to do so, and not in the ordinary course of business; the transfers or assignments of money, assets, and or property from Namerific, were without proper authorization to do so, and were transfers or assignments not made in the ordinary course of business. These transfers were made to themselves and affiliates for no business or legitimate purpose, but rather to benefit themselves at the expense of Namerific and its majority member Naughton and to improperly liquidate Namerific.

55.   All such transfers and assignments were fraudulent transfers under the Wyoming Uniform Fraudulent Transfer Act WY ST § 34-14-201 et seq, and should be set aside as preferential and fraudulent, and all proceeds of such transfers and assignments should be ordered repaid from Defendants, or any other transferee controlled by them, to Plaintiff.

56.   Defendants knew that such conversion of Namerific assets was unauthorized and was contrary to both fiduciary, legal, and contractual obligations.

57.   Defendants have taken dominion over the property of Namerific and Plaintiff. Plaintiff has demanded the return of the property. Defendants have failed to do so.

58.   Mr. Naughton has been damaged thereby in an amount to be determined at trial.

59.   Defendants should disgorge all assets, profit, revenue and compensation taken from Namerific, and the company is entitled to lost profits it could reasonably had expected to earn had the fiduciary duty not been breached.

60. Naughton requests equitable relief preventing Defendants from profiting from their acts and returning Namerific's assets. Naughton requests the return of all lost profits and consequential damages.

### SIXTH CLAIM FOR RELIEF

**Unjust Enrichment (Direct Action)**

61. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

62. Naughton assert these claims on its own behalf, individually. Defendants have been unjustly enriched, to the detriment of Naughton by virtue of their taking and acquisition of Namerific's assets.

63. Defendant's received a benefit under circumstances that would make it unjust for Defendants to retain the benefit without paying, at Plaintiff's expense.

64. Furthermore, Plaintiff has provided constant information technology support.

65. Naughton has been damaged thereby in an amount to be determined at trial. Naughton seeks recovery of all his actual and consequential damages, and additionally is entitled to lost profits from any Namerific transaction to which his membership interest in Namerific entitle him.

66. Defendants should disgorge all assets, profit, revenue and compensation taken from Namerific, and the company is entitled to lost profits it could reasonably had expected to earn had the fiduciary duty not been breached but for their improper conduct.

67. The Court should order rescission of the Defendant's illicit transactions.

68. Naughton requests equitable relief preventing Defendants from profiting from their acts and returning Namerific's assets.

IV.     Relief Requested

## SEVENTH CLAIM FOR RELIEF

### Demand for Accounting

69.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

70.     Plaintiff has a relationship with the Defendants pertaining to ownership interest in the purchased interest and performance of Namerific.

71.     Plaintiff has demanded that Defendants provide an accounting as to the performance of the purchased interest, as allowed by law.

72.     As a member of Namerific, Plaintiff is entitled to an inspection and accounting of all business and financial records of Namerific. A detailed tracing of all transactions and accounts is necessary for an accurate evaluation and appraisal of Namerific, to establish the value of Naughton's interest, and to determine the degree of fraud and the extent of the transfers and Plaintiff's damages.

73.     Plaintiff has previously and repeatedly sought cooperation in inspection and accounting and has been intoned; an order of this Court is necessary. Because of the blatant refusal of Defendants to cooperate and provide Plaintiff inspection and accounting, and because of their continuing oppression of a member, Defendants should be order to individually pay all costs and expenses, including copying, delivery and professional fees for an inspection and proper accounting by professionals of Plaintiff's choosing.

74.     Plaintiff now requests a summary order of this court, compelling Defendants to release and deliver to Plaintiff forthwith at their expense the complete business and financial

books and records and communications relating to Namerific, together with a proper accounting of the records of Namerific.

## EIGHTH CLAIM FOR RELIEF

### Disgorgement, Injunctive Relief, and Specific Performance

75.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

76.     Plaintiff seeks a declaratory and injunctive relief resulting from Defendants' violations of their common law, statutory, and contractual obligations to Naughton and Namerific.

77.     Additionally, Defendants should disgorge all assets, profit, revenue and compensation taken from Namerific, and the company is entitled to lost profits it could reasonably have expected to earn had the above-mentioned duties not been breached. The named Defendants, or their alter ego, have profited from their breaches of fiduciary duty, fraud and fraudulent transfers, all at the Plaintiff's loss and expense. Restitution of profits realized by Defendants and property taken or received by Defendants, or their alter egos, is necessary and proper given the facts and circumstances of this case. Namerific and Naughton request that the court enter and Order compelling Defendants, and their alter egos, to disgorge all interest, profits, and other returns or proceeds.

78.     The Court should order rescission of the Defendants' elicit transactions,

79.     Namerific and Mr. Naughton are entitled to equitable relief preventing Defendants from profiting from their acts and returning Namerific's assets.

## NINETH CLAIM FOR RELIEF

### Piercing of Corporate Veil

80.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

81.     Factors justifying disregarding the corporate form include undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud. Additionally, Michael Navarini and Defendants operated and controlled Namerific for their own personal benefit. Namerific was so controlled and its affairs so conducted that it was a mere instrumentality of Defendants and their other business operations, and observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice. Defendants controlled and operated Namerific under a unity of ownership and unified administrative control and denuded the assets to deprive creditors and members such as Naughton of their investments, resulting in the insolvency of the company.

82.     Defendants have acquired all or substantially all of Namerific's assets, leaving Namerific as a mere shell to assume liability without adequate protection to Naughton, claimants or creditors. Considering the totality of the circumstances and the equities of the situation, Defendants are liable individually, jointly, and severally in this matter.

## **TENTH CLAIM FOR RELIEF**

### **Civil Theft**

83.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

84.     Michael Navarini and Anthony Navarini knowingly, willfully and wantonly diverted funds from Namerific for their personal benefit.

85.     Michael Navarini and Anthony Navarini intentionally and knowingly took actions to divert funds from the Company for the purpose of and for the intention of making the assets and funds untraceable and unretrievable.

86.     Mr. Naughton has suffered economic damages as a result of the actions of Michael Navarini and Anthony Navarini.

## ELEVENTH CLAIM FOR RELIEF

### Civil Conspiracy

87.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

88.     Michael Navarini and Anthony Navarini acted in conjunction and in concert with one another to perpetuate the diversion of funds away from the Company and Mr. Naughton with the intent to defraud Mr. Naughton.

## TWELVTH CLAIM FOR RELIEF - DAMAGES

### Exemplary, Punitive and Compensatory Damages

### Attorney Fees and Court Costs

89.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

90.     Defendants' actions has resulted in economic damages to Mr. Naughton, including but not limited to, consequential damages, lost profits, lost opportunities, and attorney and court fees.

91.     Defendants state of mind of knowingly, willingly and wantonly executing a fraud upon Mr. Naughton and their intention to act such as to cause harm to Mr. Naughton supports a claim for punitive damages.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## TOLLING

Any governing statues of limitation, if any, are tolled by Defendants' concealment of their conduct under the discovery rule.

WHEREFORE, Plaintiff Yancy Naughton, individually and derivatively on behalf of Namerific, LLC, prays that the Court enter judgment in its favor and against Defendants, jointly and severally, and grant it the following relief:

a) All actual damages suffered as a result of Defendants' conduct, including all consequential damages, lost profits, lost opportunities, and all costs of court expenses and fees incurred by Plaintiff;

b) Punitive damages for the willful and wanton acts of Defendants;

c) Disgorgement of all assets, profit, revenue and compensation taken from Namerific, and an award of Namerific's lost profits, or, in the alternative, a judicially supervised buy-out/purchase of Mr. Naughton's membership interest;

d) An Order rescinding Defendant's illicit transactions;

e) Equitable relief preventing Defendants from profiting from their acts, returning Namerific's assets, and restoring Plaintiff and making Plaintiff whole;

f) An award of exemplary and/or punitive damages, statutory damages, and treble damages as allowed by Wyoming statutory and common law for Defendant's conduct, fraudulent conduct, and deceptive trade practices;

g) Pre-judgment interest;

h) Award of Plaintiff's reasonable attorney's fees, expert fees, and costs;

i) Bench demand; and

j) Such other and further relief as this Court may deem just and proper.

Respectfully Submitted this 26th day of August, 2021.

WICK & TRAUTWEIN, LLC

s/

Julie M. Yates, #36393
323 S. College Ave., #3
Fort Collins, CO 80524
(970) 482-4011
jyates@wicklaw.com

_s/ Jessica L. Hays_
Jessica L. Hays, #53905
The Reisch Law Firm, LLC
1490 W. 121st Avenue, Suite 202
Denver, CO 80234
(303) 291-0555
jessica@reischlawfirm.com

## CERTIFICATE OF FILING

I certify that on the 26th day of August, 2021 a copy of this **CIVIL COMPLAINT** was submitted via ECF.

_s/Julie M. Yates_
_[The original certificate of electronic filing_
_signed by Julie M. Yates_
_is on file with the law offices of_
_Wick & Trautwein, LLC]_